# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK WILLIAM ROBERTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 15-CV-229-TCK-TLW |
| ) | |
| TRACY McCOLLUM, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss the petition for writ of habeas corpus for failure to exhaust state remedies (Dkt. # 7). Petitioner, a state prisoner appearing pro se, failed to file a response to the motion to dismiss. Instead, Petitioner filed a "motion to dismiss without prejudice and remand to Oklahoma Court of Criminal Appeals" (Dkt. # 9). For the reasons discussed below, the Court finds Petitioner's motion to dismiss without prejudice shall be granted, Petitioner's motion "to remand to Oklahoma Court of Criminal Appeals" shall be denied, and Respondent's motion to dismiss shall be declared moot.

### *BACKGROUND*

The record reflects that Petitioner was convicted by a jury of Manufacturing or Attempted Manufacturing of a Controlled Dangerous Substance (Methamphetamine), After Former Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CF-2009-2351. In accordance with the jury's recommendation, Petitioner was sentenced to life imprisonment and fined $50,000. Attorneys Mark Collier, James Huber, and Ian Shahan represented Petitioner at trial.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"), Case No. F-2012-94. Represented by attorney Matthew D. Haire, Petitioner raised ten (10) propositions of error as follows:

| | |
|---|---|
| Proposition 1: | Under the specific facts of this case Appellant's conviction violates his state and federal rights to due process. |
| Proposition 2: | Multiple prejudicial errors in the admission of evidence deprived Appellant of a fair trial. |
| Proposition 3: | Appellant's state and federal rights to due process were violated by the improper destruction of evidence important to his defense. |
| Proposition 4: | Appellant's state and federal rights to due process, confrontation, and a fair trial were violated by the introduction of improper opinion testimony. |
| Proposition 5: | Errors in jury instructions deprived Appellant of a fair trial. |
| Proposition 6: | There was insufficient evidence upon which to convict Appellant of attempting or manufacturing methamphetamine. |
| Proposition 7: | Prosecutorial misconduct infected the proceedings and denied Appellant a fair trial. |
| Proposition 8: | Appellant's statements were not the product of a knowing and intelligent waiver, nor were they voluntary, and should have been suppressed. |
| Proposition 9: | Appellant's sentence is excessive. |
| Proposition 10: | Cumulative error requires Appellant's conviction be reversed. |

(Dkt. # 8-1). In an unpublished summary opinion, filed May 20, 2013, the OCCA affirmed the trial court's Judgment and Sentence. See www. oscn.net.

On March 17, 2014, Petitioner filed a pro se application for post-conviction relief in the state district court. (Dkt. # 8-2). He identified three (3) propositions of error, as follows:

> Proposition one: The petitioner was denied effective assistance of counsel on appeal and due process, in violation of the provisions contained in the Oklahoma State Constitution, Article 2 Section 20, and U.S. constitution 6th and 14th Amendments.
>
> Proposition two: Petitioner was denied effective assistance of counsel at trial in violation of Okla. Const. Art. II §§ 2, 19, & 20 and U.S. Const. 5th, 6th, & 14th Amends. denying due process and equal protection of laws.
>
> Proposition three: The trial court through ex parte communication in the guilt/innocence stage of the trial, violated Petitioner's due process and equal protection by failing to bring jurors back into the courtroom to answer questions of law.

Id. By Order filed November 20, 2014, after receiving a response from the State but without a reply from Petitioner, the trial court addressed Petitioner's claims on the merits and denied the application for post-conviction relief. (Dkt. # 8-3). Petitioner perfected a post-conviction appeal. (Dkt. # 8-4). In his petition in error, Petitioner claimed only that "Petitioner's issues must be addressed after allowing a traverse reply to the State's response in accordance with the holdings in Washington v. State ex rel. Department of Correction, et al., Respondent/Appellees, 1996 OK 139 infra." Id. at 4. By order filed March 19, 2015, the OCCA affirmed the denial of post-conviction relief, finding that "Petitioner cites no authority, and we find none, that requires the trial court to wait any specific time before ruling on a post-conviction application after the answer brief is filed by the State." See www.oscn.net.

On April 30, 2015, Petitioner filed his pro se federal petition for writ of habeas corpus (Dkt. # 1). In the petition, Petitioner identifies thirteen (13) grounds of error. Grounds 1-10 are the claims raised by Petitioner on direct appeal. Grounds 11-13 are the claims presented to the state district court in the application for post-conviction relief. Id. In response to the petition, Respondent filed

a motion to dismiss (Dkt. # 7), arguing that the petition should be dismissed without prejudice as a mixed petition containing both exhausted and unexhausted claims.

## *ANALYSIS*

Habeas corpus relief cannot be granted under § 2254 unless the Petitioner satisfies the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rhines v. Weber, 544 U.S. 269, 274 (2005); Rose v. Lundy, 455 U.S. 509, 510 (1982). Exhaustion of a federal claim may be accomplished by either showing (a) the state's highest appellate court has had an opportunity to rule on the same claim presented in federal court, or (b) there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b); see also White v. Meachum, 838 F.2d 1137, 1138 (10th Cir. 1988). The Supreme Court has noted that, in passing the Antiterrorism and Effective Death Penalty Act (AEDPA), Congress intended "to channel prisoner's claims first to the state court." Cullen Pinholster, 131 S. Ct. 1388, 1398-99 (2011). "The federal habeas scheme leaves primary responsibility with the state courts . . . ." Id. at 1399 (quoting Woodford v. Visciotti, 537 U.S. 19, 27 (2002) (internal quotation marks omitted)). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted).

Respondent argues that Petitioner's claims raised in grounds 11, 12, and 13 have not been presented to the OCCA and are unexhausted. After reviewing the record, the Court finds that Petitioner raised grounds 1-10 on direct appeal and that those grounds are exhausted. However, the Court agrees with Respondent that Petitioner has not presented his claims raised in grounds 11, 12,

4

and 13 to the OCCA. Therefore, because the petition contains both exhausted and unexhausted claims, it is a "mixed petition," subject to dismissal for failure to exhaust state remedies. Rose, 455 U.S. at 510 (holding that a federal district court must dismiss a habeas corpus petition containing exhausted and unexhausted grounds for relief).

In his "motion to dismiss without prejudice and remand to Oklahoma Court of Criminal Appeals," filed in response to Respondent's motion to dismiss, Petitioner concedes that he has not presented grounds 11, 12, and 13 to the OCCA. (Dkt. # 9 at 3). Petitioner also states that "the post-conviction claims have merit and should be heard on those merits by the District Court and the OCCA." Id. at 4. For that reason, Petitioner requests that his petition be dismissed without prejudice and that the case be "remanded" to the OCCA. In the alternative, Petitioner requests that this case be stayed while he returns to state court to exhaust his claims.

First, Petitioner's request that this case be stayed shall be denied. The Court has discretion to stay this matter while Petitioner returns to state court to exhaust his unexhausted claims. Rhines v. Weber, 544 U.S. 269, 276 (2005). However, the Court finds that course of action is unwarranted in this case. "Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Nothing in the record suggests that Petitioner can demonstrate "good cause" for his failure to exhaust each of his claims in state court prior to filing his petition. For that reason, the Court declines to stay this action.

Next, based on Petitioner's stated intent to return to state court to exhaust state remedies, Petitioner's motion to dismiss without prejudice shall be granted. However, Petitioner's request "to remand to the Oklahoma Court of Criminal Appeals" shall be denied. Petitioner cannot bypass the

5

state district court in order to proceed directly to the OCCA. Instead, to exhaust state remedies, Petitioner must file a second application for post-conviction relief in Tulsa County District Court, Case No. CF-2009-2351. See Rule 5.2, Rules of the Oklahoma Court of Criminal Appeals. He will be required to demonstrate "sufficient reason" for his failure to raise his unexhausted claims on direct appeal or in his first post-conviction appeal. See Okla. Stat. tit. 22 § 1086. Should the state district court deny relief, Petitioner must then appeal to the OCCA.

Once Petitioner exhausts his claims, he may return to federal court to file a new petition for writ of habeas corpus. Petitioner is advised that the new petition must be filed within the time remaining in the one-year limitations period, if any. See 28 U.S.C. § 2244(d). Petitioner is further advised that the pendency of this federal action has not served to toll the limitations period. See Duncan v. Walker, 533 U.S. 167, 181-182 (2001) (holding that the statute of limitations is not tolled during the pendency of a federal petition). Should Petitioner properly file a second application for post-conviction relief within the time remaining in his one-year period, see 28 U.S.C. § 2244(d)(2), the one-year limitations clock will stop running. Once the OCCA enters a ruling, the clock will begin to run again and Petitioner will have to file his new federal petition for writ of habeas corpus within the time remaining in the one-year limitations period, if any. This Court has not reviewed this matter for compliance with the one-year limitations period imposed by 28 U.S.C. § 2244(d). Nothing contained in this Order should be construed as an opinion on the statue of limitations issue.

Because the Court grants Petitioner's motion to dismiss without prejudice, Respondent's motion to dismiss shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 7) is **declared moot**.

2. Petitioner's "motion to dismiss without prejudice and remand to Oklahoma Court of Criminal Appeals" (Dkt. # 9) is **granted in part and denied in part**, as follows:

    a. Petitioner's motion to dismiss without prejudice is **granted**.

    b. Petitioner's motion to remand to the Oklahoma Court of Criminal Appeals is **denied**.

3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice**.

4. This is a final order terminating this action.

**DATED** this 6th day of July, 2015.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE